# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# (EASTERN DIVISION)

| | |
|---|---|
| HARTENCE HILL, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>THE QUAKER OATS COMPANY,<br><br>*Defendant*. | Civil Action No. _____ |

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant The Quaker Oats Company ("Quaker"), by its undersigned attorneys, hereby removes this action, originally filed as Civil Action No. 2024 CH 01562 (the "Action") in the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. In support thereof, Quaker states as follows:

**I.     PRELIMINARY STATEMENT**

1.     The Plaintiff filed this action in the Circuit Court of Cook County, Illinois on March 5, 2024, seeking to assert claims on behalf of himself and a putative class under 735 ILCS 5/2-801.

2.     Copies of all process and pleadings served upon Quaker in this matter are attached as Exhibit 1 (Complaint) and Exhibit 2 (Notice of Service). *See* 28 U.S.C. § 1446(a). Also attached as Exhibit 3 is the docket sheet from the Circuit Court in Cook County, Illinois.

3.     The Plaintiff served Quaker with the summons and Complaint on March 6, 2024. (*See* Ex. 2.) Quaker is timely filing this notice within 30 days of service. *See* 28 U.S.C. § 1446(b).

\\4134-7045-4351  v1

4. Removal to this Court is proper because it is the United States District Court for the district and division embracing the Circuit Court in Cook County, Illinois. 28 U.S.C. §§ 93(a)(1) and 1441(a).

5. As set forth in greater detail below, the Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(d) and 1453 (the Class Action Fairness Act ("CAFA")) because minimal diversity exists and the amount in controversy exceeds $5,000,000.[1]

## II.     BACKGROUND

6. The Plaintiff is a resident of Connecticut. (*See* Ex. 1 ¶ 33.) Plaintiff acknowledges that Quaker is an Illinois corporation with its principal place of business in Chicago, Illinois. (*Id.* ¶ 34.)

7. The Plaintiff alleges that Defendant is a leading producer, manufacturer, marketer and seller of food products nationwide, including granola bars and cereals. (*Id.* ¶ 1.)

8. Plaintiff also alleges that Defendant announced a product recall on December 15, 2023 "on the basis of a Salmonella contamination" for some of its products. (*Id.* ¶ 3.) The Complaint also contends that Quaker misleadingly labeled products by failing to disclose on its packaging that the products "do contain, or risk containing" Salmonella. (*Id.* ¶ 14.)

9. The Complaint alleges three causes of action: (1) violation of the Connecticut Unfair Trade Practices Act (Count 1)[2]; (2) breach of implied warranty of merchantability (Count 2); and (3) unjust enrichment (Count 3).

---

[1] By filing this notice, Quaker does not concede any allegation, assertion, claim, or demand for relief in the Complaint, or that any damages exist. Quaker intends to defend this matter vigorously on the merits and as to class certification and reserves all defenses and objections to the Plaintiffs' allegations, assertions, claims, demands for relief and supposed damages.

[2] Although Plaintiff purports to bring a nationwide class action, she also purports to represent a subclass composed of purchasers from Connecticut. Count 1 of the Complaint is limited to this subclass.

**III. REMOVAL IS PROPER UNDER CAFA**

10. As amended by CAFA, 28 U.S.C. § 1332(d) grants U.S. district courts original jurisdiction over "any civil action" in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* §§ 1332(d)(2) & (d)(5)(B).

11. This is a class action under CAFA. Because the Plaintiff invokes procedures "authorizing an action to be brought by 1 or more representative persons as a class action," this matter qualifies as a "class action" for purposes of CAFA. *Id.* § 1332 (d)(1)(B).

12. The putative classes contain at least 100 members. Under controlling precedent, Quaker "may rely on the estimate of the class members set forth in the complaint." *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017). Here, the Plaintiff alleges that the particular classes consist of "at least hundreds of thousands of individuals." (Ex. 1 ¶ 39.)

13. The amount placed in controversy exceeds $5,000,000. The amount in controversy under CAFA is determined by aggregating "the claims of the individual class members." 28 U.S.C. § 1332(d)(6). The burden for removing under CAFA is low and requires only "a reasonable probability that the stakes exceed the minimum." *See Brill v. Countywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005); *see also Blomberg v. Service Corp. Int'l.*, 639 F.3d 761, 763 (7th Cir. 2011) (plausible, good-faith estimate). Quaker need not "confess liability" or offer "proof" of damages, since it may rely on "what the plaintiff is claiming." *See Spivey v. Vertrue Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). Quaker denies that it is liable to the putative class members for any amount. However, solely for the purposes of removal, the amount in controversy is determined

by what the plaintiff is claiming is at stake. While Plaintiff includes no specific damages claim in the Complaint beyond a general request for actual damages and/or statutory damages and attorneys' fees, Plaintiff's civil cover sheet asserts a claim of $5,000,000. (*See* Ex. 2.) Plaintiff also purports to represent a nationwide class consisting of "at least" hundreds of thousands of individuals nationwide who purchased scores of separate product items. (Ex. 1 ¶¶ 3, 39.) Further, Plaintiff's Complaint attempts to place at issue 66 distinct product types sold by Quaker nationwide. (*Id.* ¶ 3.) Plaintiff seeks to recover the claimed full benefit of the bargain for all sales of these products during an unbounded time period, as well as disgorgement of all of Quaker's revenues for sales of all of the products identified in the Complaint. Because Plaintiff does not specify a time period for accrued damages, the Complaint appears to seek damages for the entirety of the applicable statute of limitations period. Based on the volume of sales subject to the recall, and its past sales revenues, Quaker asserts that these amounts easily exceed $5 million. Indeed, even if Plaintiff's claim of $5,000,000 in damages on Plaintiff's civil cover sheet is not sufficient to satisfy the threshold on its own, if there were only 200,000 class members (based on the Complaint's allegation of "at least" hundreds of thousands of class members), each class member would need only $25 in damages to satisfy the amount in controversy. *See e.g., Schutte v. Ciox Health, LLC*, 28 F.4th 850, 855 (7th Cir. 2022) (amount in controversy satisfied where complaint alleged "several thousand" class members).

14. <u>Diversity is undisputed</u>. The Plaintiff resides in Connecticut. (Ex. 1 ¶ 33.) Quaker is a New Jersey corporation with its principal place of business in Illinois. (*See* Notification of Affiliates of Defendant The Quaker Oats Company, filed contemporaneously herewith; *see also* Ex. 1 ¶ 34.) Thus, the minimal diversity requirements under 28 U.S.C. § 1332(d)(2)A) are satisfied. *See, e.g., Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir.

4

2016) (holding that diversity jurisdiction existed where Illinois class representatives sued a Delaware corporation with its principal place of business in Arizona).

15. Based on the express allegations of the Complaint, it is unlikely that greater than one-third of the members of Plaintiff's purported nationwide class are citizens of the State of Illinois. *See* 28 U.S.C. §§ 1332(d)(3) & (d)(4)(A)(i)(II)(cc).

16. A Notice of Filing of this Notice of Removal will be filed with the Clerk of the Circuit Court of Cook County, Illinois in accordance with 28 U.S.C. § 1446(d), and written notice will be served upon Plaintiff's counsel. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit 4.

## IV. CONCLUSION

Quaker therefore removes this action from the Circuit Court of Cook County, Illinois, and respectfully requests that the action proceed in this Court as properly removed.

Respectfully submitted,

THE QUAKER OATS COMPANY

By: */s/ Stephen J. Siegel*
One of Its Attorneys

*Of counsel:*
Laura Bentele
*lbentele@atllp.com*
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
(314) 621-5070

Lauren S. Colton
*lauren.colton@hoganlovells.com*
HOGAN LOVELLS US LLP
100 International Dr., Suite 2000
Baltimore, MD 21202
Tel: (410) 659-2733

Stephen J. Siegel
*ssiegel@atllp.com*
ARMSTRONG TEASDALE LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

5